## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2441 | **DATE** | 3/21/2001 |
| **CASE TITLE** | BENEFICIAL FRANCHISE CO INC vs. BANK ONE et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 10 APR 01 at 9:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Pursuant to Memorandum Opinion and Order entered this day, third party defendants Beneficial National Bank and Household Bank's motion to dismiss the third party complaint for indemnification is denied. Third party defendants Beneficial National Bank and household Bank are given to April 4, 2001 to file an answer to the third party complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 2 2 2001 date docketed | 108 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 3/21/2001 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| JS | courtroom deputy's initials | Date/time received in central Clerk's Office | JS mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENEFICIAL FRANCHISE COMPANY, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BANK ONE, N.A., FIRST SECURITY BANK, ) <br> REPUBLIC BANK & TRUST, RIVER CITY ) <br> BANK AND SANTA BARBARA BANK & ) <br> TRUST, ) <br> ) <br> Defendants. ) <br> ) <br> REPUBLIC BANK & TRUST and RIVER ) <br> CITY BANK, ) <br> ) <br> Third-Party Plaintiffs ) <br> ) <br> v. ) <br> ) <br> BENEFICIAL NATIONAL BANK and ) <br> HOUSEHOLD BANK, f.s.b., ) <br> ) <br> Third-Party Defendants. ) <br> ) | No. 00 C 2441 |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Defendants and third-party plaintiffs River City Bank ("River City") and Republic Bank & Trust ("Republic") filed a third party complaint against third-party defendants Beneficial National Bank ("BNB") and Household Bank ("Household") alleging contractual entitlement to indemnification for recovery and costs incurred as a result of the underlying action. BNB and

1

Household filed a motion to dismiss the third party complaint. For the following reasons, BNB and Household's motion to dismiss the third party complaint is DENIED.

## BACKGROUND

In the underlying action, plaintiff Beneficial Franchise Company alleges patent infringement against River City and Republic (among others) in their Tax Refund Anticipation Loan ("RAL") and Tax Refund Anticipation Check ("RAC") programs. Plaintiff holds three patents in systems which facilitate RAC and RAL programs. Under these programs, banks create a unique deposit account file which receives tax refunds and underwrites loans or facilitates payments related to the tax refund of the customer. (Pl. Comp. at ¶ 18.) Plaintiff alleges that River City and Republic have used and continue to use its patented systems and methods in offering RALs to customers who are entitled to tax refunds and who electronically file their tax returns with the IRS. After the customer's return is processed, refund proceeds are directly transferred to a unique customer account, with proceeds applied to repay the outstanding loan utilizing the RAL system. (Pl. Comp. at ¶ 24).

River City and Republic both entered into collection agreements with both BNB and Household. One of the collection agreements was valid from October 15, 1997 to December 31, 1998. The other was effective from November 29, 1999 to December 31, 2000. Under the collection agreements, the parties agreed to help each other collect delinquent RALs made in previous years through their RAL programs. (Third Pty. Comp. at ¶ 6.) The collection agreements obligated each party to prepare a list of customers who had a monetary obligation from an outstanding RAL, and to turn over any excess funds from the customer's direct deposit up to the amount of an outstanding RAL to the bank to which that RAL was owed. The collection agreements all contained an indemnity clause which states: "Each party will indemnify, protect and hold the

other and its assigns harmless from and against any and all liability, claims, demands, or disputes, together with all costs, charges and expenses, including counsel fees imposed or in any manner upon or accruing against that party or its assigns, arising out of or in any way related to that party's performance of services under this Agreement or in connection therewith . . . ."

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the court must presume all of the well-pleaded allegations of the complaint to be true. Miree v. DeKalb County, 433 U.S. 25, 27 n.2, 97 S. Ct. 2490, 2492 n.2 (1977). The court must view those allegations in the light most favorable to the plaintiff. Gomez v. Illinois State Bd. of Educ., 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal under Rule 12 (b)(6) is proper only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); see also Panares v. Liquid Carbonic Industries Corp., 74 F.3d 786, 791 (7th Cir. 1996).

## ANALYSIS

Both sides agree that the indemnity provision is unambiguous and should be interpreted as a matter of law. This case is governed by Delaware law. In Delaware, "[w]here the relevant contract provision is unambiguous, the contracting parties' intent is determined as a matter of law from the contract language." Baxter Pharmaceutical Products, Inc. v. ESI Lederle Inc., No. Civ. A.16863, 1999 WL 160148, at *4 (Del. Ch. Mar 11, 1999).

BNB and Household argue that the indemnity agreements do not cover this action for patent infringement because it does not arise out of the actual collection of delinquent RALs. This court disagrees. Under clause 3.1(A) of the agreements, the collecting bank is obligated to retain funds

3

"from the Direct Deposit" of its customers' tax refund to turn over to the lending bank. As such, the parties could not perform their obligations under the agreement if not for the direct deposit. Plaintiff's complaint alleges patent infringement of systems designed to receive the direct deposit of customers' tax returns from the IRS. Contrary to BNB and Household's suggestion, plaintiff's complaint does not allege patent infringement merely in the giving of RALs, but also in the "creation of a special purpose loan/deposit account to receive the electronic refund transfer under the IRS' Electronic Filing System." (Pl. Comp. at ¶ 17.) The complaint further alleges through the patented systems, refund proceeds are applied to repay the outstanding loan utilizing the RAL system. (Pl. Comp. at ¶ 24). As such, River City and Republic's use of allegedly infringing systems to allow direct deposit of refund checks is "related to" its performance of services of under the collection agreement -- money comes into customers' accounts and proceeds are applied to outstanding loans owed to all parties to the agreement, including BNB and Household. The essence of BNB and Household's argument seems to be that River City and Republic would have run their RAL systems exactly the same, including allegedly infringing plaintiff's patents, even if the collection agreement did not exist. That may be true, but that does not change the plain language of the indemnity agreement, which covers any claims which are "in any way related to" a party's performance of services under the agreement.

BNB and Household cite several cases for the proposition that Delaware courts construe indemnity agreements strictly against the indemnitee, and do not permit enforcement of broad or ambiguous indemnity provisions. See e.g., Fountain v. Colonial Chevrolet Co., No. C.A. 86C-JA-117, C.A. 85C-DE-88, 1988 WL 40019, at *11 (Del. Super. Apr. 13, 1988). However, all the cases cited concern indemnity agreements argued to cover one's own negligent acts. Here, there

4

is no claim for indemnification for negligence or for intentional torts, so that Delaware law disfavoring such policies does not apply. Even if the rule cited by BNB and Household did apply, however, the provision at issue here is agreed by the parties to be clear and unambiguous, so may be enforced under Delaware law.

BNB and Household also cite ABB Flakt, Inc. v. National Union Fire Ins. Co., No. 94C-11-024-JEB, 1998 WL 437137, at *6 (Del. Super. June 10, 1998) for the proposition that an indemnity agreement which does not explicitly cover patent infringement cannot be read to cover such actions. This court does not read Flakt so broadly. That court interpreted an indemnity agreement which provided indemnity for advertising injuries, and spelled out specific examples of such injuries. The court determined that it was unreasonable to believe that the parties would have spelled out such injuries, but not included patent infringement if they actually intended to include it. Id. The court further found that even if patent infringement was included, the claim at issue had nothing to do with advertising. Id. at *8. Here, by contrast, the provision at issue does not spell out particular injuries. Rather, the provision, by its plain language, covers all claims "arising out of" the collection of deficient RALs, and does not limit the types of claims which are covered. The indemnity provision also is not limited to "advertising injury," a claim which is difficult to reconcile with patent infringement on its face. Rather, the provision covers all claims arising out of the performance of the collection agreement. As this court reasoned above, the allegedly infringing activities here are related to the performance of the collection agreement. As such, Flakt does not save BNB and Household's motion to dismiss.

## CONCLUSION

For the reasons stated, third-party defendants Beneficial National Bank and Household

Bank's motion to dismiss third-party plaintiffs River City Bank and Republic Bank & Trust's third party complaint for indemnification is DENIED. BNB and Household are given until April 4, 2001 to file an answer to the third party complaint. This case is set for report on status at 9:00 a.m. on April 10, 2001.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

DATE: March 21, 2001