# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2441 | **DATE** | 8/13/2001 |
| **CASE TITLE** | BENEFICIAL FRANCHISE vs. BANK ONE et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, Bank One, River City, and Republic's motions to dismiss Household's cross-claims arising out of River City/Republic's claims for indemnification are all granted. Santa Barbara's motion for judgment on the pleadings is granted. Household's cross-claims against Bank One, River City & Republic Bank, and Santa Barbara for contribution and subrogation for an liability imposed on Household arising out of River City and Republic's indemnification claims are all dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| ✓ | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

number of notices

**AUG 1 5 2001**
date docketed

docketing deputy initials

8/13/2001
date mailed notice

Document Number
204

JS

courtroom deputy's initials

80-7
FILED FOR DOCKETING
01 AUG 14 AM11: 11

Date/time received in central Clerk's Office

mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BENEFICIAL FRANCHISE COMPANY, INC.,        )
                                            )
                    Plaintiff,              )
                                            )
        v.                                  )
                                            )
BANK ONE, N.A., REPUBLIC BANK & TRUST, RIVER )
CITY BANK, and SANTA BARBARA BANK & TRUST,  )
                                            )
                    Defendants.             )
                                            )
───────────────────────────────────────────  )
                                            )
REPUBLIC BANK & TRUST and RIVER CITY BANK,  )
                                            )
                    Third-Party Plaintiffs, )
                                            )
        v.                                  )
                                            )
BENEFICIAL NATIONAL BANK and HOUSEHOLD BANK, F.S.B.,)
                                            )
                    Third-Party Defendants. )
                                            )
───────────────────────────────────────────  )        00 C 2441
                                            )
HOUSEHOLD BANK, F.S.B.,                      )
                                            )
                    Cross-PlaintiffS        )
                                            )
        v.                                  )
                                            )
BANK ONE, N.A., REPUBLIC BANK & TRUST        )
RIVER CITY BANK, and SANTA BARBARA BANK & TRUST, )
                                            )
                                            )
                    Cross-Defendants.        )
                                            )
───────────────────────────────────────────  )
                                            )
BANK ONE, N.A. and SANTA BARBARA BANK AND TRUST, )
                                            )
                    Counter-Plaintiffs,      )
                                            )
        v.                                  )
                                            )
                                            )
HOUSEHOLD BANK. F.S.B. (directly and as successor in interest )
to BENEFICIAL NATIONAL BANK),                )
                                            )
                    Counter-Defendant.       )
                                            )

DOCKETED

AUG 1 5 2001

<u>MEMORANDUM OPINION AND ORDER ON BANK ONE, RIVER CITY, REPUBLIC, AND SANTA
BARBARA'S MOTIONS TO DISMISS HOUSEHOLD'S CROSS-CLAIMS FOR CONTRIBUTION ARISING
OUT OF RIVER CITY & REPUBLIC'S INDEMNIFICATION CLAIMS</u>

1

JAMES F. HOLDERMAN, District Judge:

Cross-defendants Bank One, River City Bank ("River City"), and Republic Bank and Trust ("Republic") have filed motions to dismiss cross-claims brought by counter-plaintiff Household Bank, F.S.B. ("Household"). Cross-defendant Santa Barbara Bank ("Santa Barbara") has filed a motion for judgment on the pleadings in response to the same cross-claims. The cross-claims all assert claims for contribution and subrogation for any liability Household may face on River City or Republic's cross-claims arising out of cross-collection agreements between River City/Republic and Household. Household bases its cross-claims upon indemnification clauses contained in cross-collection agreements between the cross-defendants and River City/Republic (and not between Household and any cross-defendant). All four cross-defendants have filed motions to dismiss, arguing that the indemnification agreements between themselves do not provide a basis for any of the cross-defendants to share in Household's contractual obligation to indemnify River City or Republic. For the following reasons, Bank One, River City, and Republic's motions to dismiss the cross-claims of Household arising out of River City and Republic's claims against Household are all GRANTED. Santa Barbara's motion for judgment on the pleadings regarding Household's cross-claims arising out of River City and Republic's claims against Household is also GRANTED.

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the court must presume all of the well-pleaded allegations of the complaint to be true. Miree v. DeKalb County, 433 U.S. 25, 27 n.2, 97 S. Ct. 2490, 2492 n.2 (1977); Turner/Ozanne v. Hyman Power, 111 F.3d 1312, 1319 (7th Cir. 1992). The court must view those allegations in the light most favorable to the plaintiff. Gomez v. Illinois State Bd. of Educ., 811 F.2d 1030, 1039 (7th Cir. 1987). Any ambiguities are to be construed in favor of the plaintiff. Kelly v. Crossfeld Catalysts, 135 F.3d 1202, 1205 (7th Cir. 1998); Curtis v. Bembenck, 48 F.3d 281,

283 (7th Cir. 1995). Dismissal under Rule 12(b)(6) is proper only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); see also Panares v. Liquid Carbonic Industries Corp., 74 F.3d 786, 791 (7th Cir. 1996). Similarly, a motion for judgment on the pleadings under Rule 12(c) should not be granted unless "it appears beyond a doubt that the plaintiff cannot prove any facts that would support his claim for relief," Northern Ind. Gun & Outdoor Shows, Inc., 163 F.3d at 452 (internal quotation marks and citations omitted).

## ANALYSIS

Household brought six counts against each of the four cross-defendants – Bank One, River City, Republic, and Santa Barbara. This court addresses each count in turn. The issues are identical as to each cross-defendant.

I.    Counts I & II: Equitable Contribution Against Indemnitors

Household argues that it is entitled to contribution from the cross-defendants for liability it may face under its own indemnification agreements with River City and Republic because all the cross-defendants, including River City and Republic, also have indemnification agreements with River City/Republic which are substantially similar to those between Household and River City/Republic. Each indemnification clause requires one of the cross-defendants to indemnify River City/Republic for any losses "arising out of or in anyway related to that party's performance of services under this Agreement or in connection therewith." Household argues that these agreements, separate from Household's own indemnification agreement with River City/Republic, make each other cross-defendant liable for equitable contribution because each cross-defendant has a collection agreement with River City/Republic which contains a substantially similar indemnity clause.

Household's claims must fail because Household does not allege the existence of a common

3

obligation – a necessary element to recovery for equitable contribution. "In an action for common law contribution, the right to contribution arises due to the compulsory payment by a joint obligor of more than his share of a common obligation." Ruggio v. Ditkowsky, 147 Ill. App. 3d 638, 642, 498 N.E.2d 747, 750 (2nd Dist. 1986); see also Phillips-Jones Corp. v. Parmley, 302 U.S. 233, 236, 58 S. Ct. 197, 199 (1937) ("To recover a plaintiff must prove both that there was a common burden of debt and that he has, as between himself and the defendants, paid more than his fair share of the common obligations."); Guerino v. Depot Place P'ship, 191 Ill. 2d 314, 320, 730 N.E.2d 1094, 1098 (2000) (right of contribution requires showing of common liability). Household argues that it is entitled to contribution because the right to contribution does not depend upon the existence of a mutual agreement between the parties. See, e.g., Royal Globe Ins. Co. v. Aetna Ins. Co., 82 Ill. App. 3d 1003, 1006, 403 N.E. 2d 680, 683 (1st Dist.1980) ("The right to contribution has its basis in equity rather than in contract. The right does not arise by way of an independent agreement between the parties.") (citations omitted). However, in each of the cases cited by Household, the party seeking contribution had a shared obligation to indemnify the same indemnitor for the same obligation. See, e.g., Chamison v. HealthTrust, Inc., 735 A.2d 912, 925 (Del. Ch. 1999) ("As a general rule, in the absence of contractual language to the contrary, two insurers who insure the same person for the same risk must share the loss.") (emphasis added).

Here, Household does not allege that any of the cross-defendants jointly agreed to cover any liability faced by River City/Republic arising out of River City/Republic's performance of their contracts with Household. Nor could Household make such allegations. Each identification agreement at issue in this litigation covers only liability arising out of the performance of, or in connection with, that agreement between those two parties. This is not a situation in which all four cross-defendants jointly agreed to assume each other's risk, such as where two or more insurers

insure the same insured's risk. Thus, for example, while Bank One may have a duty to indemnify River City arising out of River City's performance of its cross-collection agreement with Bank One, Bank One does not have a joint obligation to indemnify River City for liability arising out River City's performance of its cross-collection agreement with Household. Bank One did not agree to indemnify River City for liability arising out of its cross-collection agreements with other parties, and has no common law duty to do so. Accordingly, Counts I and II must be dismissed.

II.    <u>Counts III & IV: Subrogation Against Joint Tortfeasors</u>

In Counts III and IV, Household seeks recovery against the cross-defendants as joint-tortfeasors to the patent plaintiff in this action, Beneficial Franchise Company ("Beneficial"). According to Household, all the cross-defendants, including River City and Republic, are joint tortfeasors to Beneficial, and if Household must indemnify River City or Republic for an amount greater than such party's own liability, then Household will be subrogated to that party's alleged right of pro rata contribution from the other joint tortfeasors. Household's subrogation claims fail for two independent reasons: (1) Household has not and cannot state a claim for subrogation, and (2) Household's purported right of contribution among joint tortfeasors does not exist in patent law cases.

Illinois' subrogation statute provides that anyone who has discharged in full or in part the liability of a tortfeasor by payment, and has thereby discharged in full his obligation to the tortfeasor, is subrogated to the tortfeasor's right of contribution. 740 ILCS 100/2. In order to state a claim for subrogation, a party must allege the following elements: (1) a third party must be primarily liable to the insured for the loss; (2) the insurer must be secondarily liable to the insured for loss under an insurance policy; and (3) the insurer must have paid the insured under that policy, thereby extinguishing the debt of the third party. <u>State Farm Gen. Ins. Co. v. Stewart</u>, 288 Ill. App. 3d 678,

686, 681 N.E.2d 625, 631 (1st Dist. 1997). Here, Household fails to allege any loss for which it is or may be obligated to pay, and for which any of the cross-defendants is primarily liable and Household is only secondarily liable. As explained above, there is no contractual obligation on the part of any of the cross-defendants to pay for the liability of River City and Republic in fulfilling their obligations to Household under their collection agreements with Household. There is thus no basis on which to allege that any of the cross-defendants is primarily liable for Household's contractual indemnification obligations. Likewise, Household has not and cannot allege that it is secondarily liable for the contractual obligations of any cross-defendant to River City or Republic.

In addition, Household's joint tortfeasor contribution claims against the cross-defendants must be denied because they are preempted by the federal statutory cause for contributory infringement, 35 U.S.C. § 271(c). See Motorola, Inc. v. Varo, Inc., 656 F. Supp. 716, 717 (N.D. Tex. 1986). Any cause of action under the patent laws is governed by federal law, not by state law. See id. The Motorola court reasoned that, having defined contributory infringement by statute, Congress could not have intended the courts to imply some other definition and allow a cause of action upon it. Id. Although the Court of Appeals for the Federal Circuit has not directly addressed this issue, other district courts across the country have agreed with the Motorola court and likewise barred actions for contributory infringement under the patent laws. See Chemtron, Inc. v. Aqua Prods., Inc., 830 F. Supp. 314, 316 (E.D. 1993) ("There is no claim for contribution under the U.S. patent laws, and none may arise under state law as it is preempted by federal law."); Construction Tech., Inc. v. Lockformer Co., 781 F. Supp. 195, 201 (S.D.N.Y. 1990) ("With respect to the patent infringement claim, the Court agrees with the decision of [Motorola] that there is no right of contribution in patent cases."). Accordingly, Household has no right to subrogation under the federal patent laws and has not stated a claim for subrogation.

III.    Counts V & VI: Equitable Subrogation Against Indemnitors

Counts V and VI each claim a right to subrogation by Household to River City and Republic's right to indemnity from the cross-defendants. Equitable subrogation is effectively the same doctrine as equitable contribution. The cross-defendants moved to dismiss Counts V and VI on the basis that they are merely duplicative of Household's other failed theories of the other counts. Household defended the claim only by stating that, if this court should determine that the only proper legal theory for its claims is equitable contribution, then Household would proceed under Counts I and II. However, this court has now determined that none of Household's indemnification cross-claims against any of the cross-defendants are viable. Because Counts V and VI merely restate those claims, they too must be dismissed.

## CONCLUSION

For all the reasons stated, Bank One, River City, and Republic's motions to dismiss Household's cross-claims arising out of River City/Republic's claims for indemnification are all GRANTED. Santa Barbara's motion for judgment on the pleadings is also GRANTED. Household's cross-claims against Bank One, River City & Republic, and Santa Barbara for contribution and subrogation for any liability imposed on Household arising out of River City and Republic's indemnification claims are all DISMISSED.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN

United States District Judge

DATE: August 13, 2001