Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2441 | **DATE** | 8/13/2001 |
| **CASE TITLE** | BENEFICIAL FRANCHISE vs. BANK ONE et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, Household's 12 (c) motion for judgment on the pleadings as to Santa Barbara's counterclaims is granted as to Counts II and III, Santa Barbara's claim for indemnification based on the file-sharing agreements and fraud claim, and denied as to Count I, Santa Barbara's claim for indemnification based on the cross-collection agreements. Count III of Santa Barbara's counterclaim is dismissed without prejudice. Santa Barbara is given to August 28, 2001 to amend Count III of its counterclaim.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | AUG 15 2001 | |
| | Notified counsel by telephone. | | | date docketed | 205 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | ED-7 FILED FOR DOCKETING 01 AUG 14 AM 11: 11 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 8/13/2001 | |
| | | | | date mailed notice | |
| JS | courtroom deputy's initials | | | JS | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENEFICIAL FRANCHISE COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> BANK ONE, N.A., REPUBLIC BANK & TRUST, RIVER CITY BANK, and SANTA BARBARA BANK & TRUST, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |
| REPUBLIC BANK & TRUST and RIVER CITY BANK, <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> BENEFICIAL NATIONAL BANK and HOUSEHOLD BANK, F.S.B., <br><br> Third-Party Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) 00 C 2441 |
| HOUSEHOLD BANK, F.S.B., <br><br> Cross-Plaintiffs <br><br> v. <br><br> BANK ONE, N.A., REPUBLIC BANK & TRUST RIVER CITY BANK, and SANTA BARBARA BANK & TRUST, <br><br> Cross-Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |
| BANK ONE, N.A. and SANTA BARBARA BANK AND TRUST, <br><br> Counter-Plaintiffs, <br><br> v. <br><br> HOUSEHOLD BANK. F.S.B. (directly and as successor in interest in to BENEFICIAL NATIONAL BANK), <br><br> Counter-Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

## MEMORANDUM OPINION AND ORDER ON HOUSEHOLD'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO SANTA BARBARA'S COUNTERCLAIMS

1



JAMES F. HOLDERMAN, District Judge:

Cross-plaintiff Household Bank, F.S.B. ("Household") has filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) as to the counterclaims of cross-defendant Santa Barbara Bank and Trust ("Santa Barbara"). For the following reasons, Household's motion is DENIED in part and GRANTED in part.

## PROCEDURAL HISTORY

Defendants and counterplaintiffs River City Bank ("River City") and Republic Bank and Trust ("Republic") filed a joint third party complaint for indemnification for any liability owed to plaintiff Beneficial Franchise Company ("Beneficial") against cross-defendant Household. Household moved to dismiss those cross-claims on the basis that the indemnification clause did not cover the patent infringement alleged by plaintiff Beneficial. On March 21, 2001, this court denied that motion, finding that Beneficial's claims against River City and Republic could "arise under" or "in connection with" the cross-collection agreements between Household and River City/Republic.

Santa Barbara has also now filed counterclaims against Household. Those counterclaims allege: (1) a right to indemnification based on an indemnification clause contained in cross-collection agreements between itself and Household which is, by Household's own admission, "substantially similar" to the indemnification clauses contained in cross-collection agreements between Household and River City/Republic; (2) a right to indemnification based on an indemnification clause contained in file-sharing agreements between itself and Household; (3) a scheme to defraud undertaken by Household, and (4) antitrust violations. Household has moved for judgment on the pleadings as to Santa Barbara's indemnification and fraud counterclaims.

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the court must presume all of the well-pleaded allegations

of the complaint to be true. Miree v. DeKalb County, 433 U.S. 25, 27 n.2, 97 S. Ct. 2490, 2492 n.2 (1977); Turner/Ozanne v. Hyman Power, 111 F.3d 1312, 1319 (7th Cir. 1992). The court must view those allegations in the light most favorable to the plaintiff. Gomez v. Illinois State Bd. of Educ., 811 F.2d 1030, 1039 (7th Cir. 1987). Any ambiguities are to be construed in favor of the plaintiff. Kelly v. Crossfeld Catalysts, 135 F.3d 1202, 1205 (7th Cir. 1998); Curtis v. Bembenck, 48 F.3d 281, 283 (7th Cir. 1995). Dismissal under Rule 12(b)(6) is proper only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); see also Panares v. Liquid Carbonic Industries Corp., 74 F.3d 786, 791 (7th Cir. 1996).

## ANALYSIS

I. Count I: Indemnification Arising out of Cross-Collection Agreements

As to Santa Barbara's cross-collection agreement indemnification counterclaims, Household argues, as it did in response to River City/Republic's indemnification claims, that the indemnification clause does not apply to Beneficial's allegations, and adds an argument that Ohio law controls the agreements between Household and Santa Barbara, and that Ohio law does not allow indemnification for Beneficial's claims. This court rejected Household's arguments with regard to River City/Republic's cross-claims, with regard to Bank One's cross-claims in an order also issued today, and rejects those arguments again here for the reasons set forth in this court's March 21, 2001 memorandum opinion and order. Household's argument that Ohio law changes the result is unavailing. Ohio law does not differ from the Delaware law applied upon by this court in its March 21 order on the relevant issues. As such, the result of Household's motion to dismiss River City and Republic's cross-claims must be the same as the result of this motion on Santa Barbara's counterclaim for indemnification based upon the cross-collection agreement. Both

motions must be denied, and Count I of Santa Barbara's counterclaims against Household for indemnification based on the cross-collection agreements may stand.

II.     Count II: Indemnification Arising out of File-Sharing Agreements

While this court has decided, and continues to believe, that Beneficial's patent claims may be considered to "arise out of" or "in connection with" Santa Barbara's performance of its responsibilities under its cross-collection agreement with Household, such that motions to dismiss the cross-collection agreement indemnification claims must be denied, this court does not believe that Beneficial's patent claims can be said to arise out of, or in connection with, Santa Barbara's performance of the file-sharing agreement. This court specifically based its reasoning in its March 21 order on Beneficial's allegations regarding the use of direct deposit accounts and processing of Refund Anticipation Loans ("RALs"). The use of direct deposit accounts and processing RALs is not included in the file-sharing agreement. While Beneficial's allegations include an allegation that defendants, including Santa Barbara, infringed a patent that included maintaining RAL data, the file-sharing agreement encompasses a promise to <u>transmit</u> data to one another, not to <u>maintain</u> that data. Accordingly, Household's motion for the judgment on the pleadings as to Count II of Santa Barbara's counterclaims for indemnification arising out of the file-sharing agreement is granted.

III.    Count III: Fraud Claim

Finally, Household moved for judgment on the pleadings on Santa Barbara's fraud claims on the basis of Federal Rule of Civil Procedure 9(b). Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The rule requires "the plaintiff to state the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." <u>Vicom, Inc. v. Harbridge Merchant Servs., Inc.</u>, 20 F.3d 771,

777 (7th Cir. 1994) (internal quotations omitted); see also Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1020 (7th Cir.1992) (stating that in a RICO action "the complaint must, at a minimum, describe the predicate acts with some specificity and state the time, place, and content of the alleged communications perpetrating the fraud."); DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990) (stating that Rule 9(b) "particularity" means "the who, what, when, where, and how: the first paragraph of any newspaper story").

Santa Barbara argues that Household has waived the right to raise a Rule 9(b) defense by answering its counterclaims. This court disagrees. Santa Barbara cites United Nat. Records, Inc. v. MCA, Inc., 609 F. Supp. 33, 38-39 (N.D. Ill. 1984) in support of its argument. However, in MCA, the defendants answered the complaint, moved for summary judgment, and then questioned the adequacy of the fraud allegations. Here, by contrast, Household answered the complaint and then moved under Rule 12(c) for judgment on the pleadings. Other district courts have distinguished MCA, and found that the purposes of Rule 9(b) of insuring fair notice of and reasonable basis for fraud claims are served when the particularity and the allegations are examined at this stage of the proceedings. See Estes v. Dinzole, 1987 WL 15158, *5 (N.D. Ill. July 28, 1987); Bolden v. Culture Farms, Inc., 1989 WL 160469, *4-5 (D. Kan. Nov. 21, 1989). This court concurs with the reasoning of those courts, and finds that Household has not waived the right to challenge Santa Barbara's allegations on Rule 9(b) grounds.

This court also agrees with Household that Count III of Santa Barbara's counterclaim fails to meet the standard of Rule 9(b). Santa Barbara fails to allege what particular communications were false, on what dates they were made, what people made the representations, where the communications were made, and by what method the communications were made. As such, Santa Barbara's fraud counterclaim, Count III, must be dismissed without prejudice.

## CONCLUSION

For all the reasons stated, Household's 12(c) motion for judgment on the pleadings as to Santa Barbara's counterclaims is GRANTED as to Counts II and III, Santa Barbara's claim for indemnification based on the file-sharing agreements and fraud claim, and DENIED as to Count I, Santa Barbara's claim for indemnification based on the cross-collection agreements. Count II of Santa Barbara's counterclaim is DISMISSED WITH PREJUDICE. Count III of Santa Barbara's counterclaim is DISMISSED WITHOUT PREJUDICE. Santa Barbara is given leave until August 28, 2001 to amend Count III of its counterclaim. The parties are to discuss settlement of this litigation.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
United States District Judge

DATE: August 13, 2001